HLD-108  (March 2010)                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1332
_____

IN RE: ROY STEVE DAVIS,

                                          Petitioner

_____

On Petition for a Writ of Mandamus from the
United States District Court for the
Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 08-cv-01272)

_____

Submitted Under Rule 21, Fed. R. App. P.
March 31, 2010
Before:   SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.
Opinion Filed: April 19, 2010
_____

OPINION
_____

PER CURIAM.

Roy Steve Davis, a federal inmate, has filed a petition for a writ of

mandamus in which he asks this Court to compel the Honorable Thomas I. Vanaskie of

the United States District Court for the Middle District of Pennsylvania, and Warden T.R.

Sniezek at FCI-Schuylkill in Pennsylvania, to "perform their official duties."  Ptn. at 1.  In

1

particular, Davis asks that we direct Judge Vanaskie and Warden Sniezek to "expung[e] all disciplinary hearings and restor[e] all good conduct time taken at each hearing[] regarding Incident Report 1720977." Id. at 3. We will deny the petition.

As a threshold matter, we lack jurisdiction to grant the relief requested with respect to Warden Sniezek. Davis styles his mandamus petition as filed under 28 U.S.C. § 1361, but that provision confers original jurisdiction only upon *district* courts "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. This Court lacks original jurisdiction over a petition to compel action by Warden Sniezek.

While Davis has invoked only § 1361, we will liberally construe his pro se petition as filed under 28 U.S.C. § 1651 insofar as he seeks to compel action by the District Judge. Section 1651 confers jurisdiction on this Court to issue a writ of mandamus "in aid of" our jurisdiction. 28 U.S.C. § 1651(a). The district court docket reflects that Davis filed a habeas petition under 28 U.S.C. § 2241 in the Middle District of Pennsylvania to challenge a disciplinary hearing that resulted in a recommendation that he be transferred from FCI-Schuylkill to another facility. On September 22, 2009, the District Court dismissed the petition without prejudice on the ground that Davis had failed to exhaust administrative remedies. This Court dismissed Davis's appeal of that ruling because he failed to pay the appellate filing fee. (C.A. No. 09-4278, order entered February 1, 2010.)

2

Given that the underlying matter in the District Court has been dismissed, there is no pending action over which a writ of mandamus might aid our jurisdiction. See United States v. Christian, 660 F.2d 892, 894 (3d Cir. 1981) (explaining that, "[b]efore entertaining" a petition for a writ of mandamus, "we must identify a jurisdiction that the issuance of the writ might assist"). Further, mandamus is not a substitute for an appeal, In re Kensington Intern. Ltd., 353 F.3d 211, 219 (3d Cir. 2003), and thus Davis cannot use this proceeding to seek review of issues that he failed to pursue through an appeal. Accordingly, the request to compel action from the District Judge must be denied.

For these reasons, we will deny the petition for a writ of mandamus.